NOT INTENDED FOR CITATION OR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DAWAYNE T. ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-251-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Dawayne T. Anderson, a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 1] He has now paid the $5.00 filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## **BACKGROUND**

On July 16, 2001, pursuant to a written plea agreement, Anderson pleaded guilty to conspiracy to possess with intent to distribute 100 or more grams of heroin and attempt to possess with intent to distribute 100 grams or more of heroin in violation of 28 U.S.C. §§841, 846. On October 25, 2001, Anderson was sentenced to a term of incarceration of 190 months to be followed by a term of supervised release of 8 years. Anderson filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 on November 15, 2002. This motion was denied by the sentencing court on June 5, 2003.

Anderson then filed a "Writ of Error Coram Nobis" with the sentencing court on August 2, 2004, alleging ineffective assistance of counsel and that the prosecution breached the terms of his plea agreement. That court treated his writ as a request to file a second or successive section 2255 motion and transferred it to the Court of Appeals for the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997). On March 13, 2006, the Sixth Circuit denied this request. *United States v. Anderson*, 01-CR-9-TBR, Western District of Kentucky [Record Nos. 25, 32, 38, 47, 49, 50, 51, 52 therein]; *see also Anderson v. United States*, 02-CV-691-TBR, Western District of Kentucky [Record Nos 1, 3 therein].

Three months later, Anderson is again before the courts seeking relief from his conviction. He filed the present habeas corpus petition pursuant to 28 U.S.C. §2241, again asserting that his counsel in his criminal proceedings was constitutionally ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), and that the prosecution breached the terms of the plea agreement.

**DISCUSSION**

A habeas corpus petition filed pursuant to section 2241 is not the appropriate avenue for relief under the circumstances of this case. Typically, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Anderson challenges the legality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255.

While Anderson's petition does not expressly include an assertion that his remedy under section 2255 "is inadequate or ineffective" to test the legality of his detention, the Court assumes Anderson wishes to invoke this Court's habeas corpus jurisdiction under section 2241 pursuant to the "savings clause" of section 2255. 28 U.S.C. §2255, ¶5. Because it is evident from reviewing the record in Anderson's prior legal proceedings that he has presented his claims in a prior post-conviction motion under section 2255 and been denied relief, the Court must determine whether his remedy under section 2255 is "inadequate or ineffective" before deciding whether Anderson is entitled to consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800

(7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

Anderson's claims (i.e., that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution of the United States and that the prosecution breached the terms of his plea agreement) are not claims of "actual innocence" because Anderson's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in Anderson's habeas corpus petition challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

4

**CONCLUSION**

Accordingly, it is hereby **ORDERED** as follows:

(1) Petitioner Anderson's petition for a writ of habeas corpus is **DENIED.**

(2) Petitioner's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED** as moot.

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 17th day of July, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge